13-666-cv
*Gorokhovsky v. N.Y.C. Hous. Auth.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    REENA RAGGI,
    SUSAN L. CARNEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LYUDVIG GOROKHOVSKY,

    *Plaintiff-Appellant,*

      -v.-                                   No. 13-666-cv

NEW YORK CITY HOUSING AUTHORITY, MANAGER OF ISAAC HOLMES HOUSES, (IHH) EFRAIM DIAZ, IN HIS OFFICIAL CAPACITY, JEFFREY OTERO, ISAAC HOLMES HOUSES SUPERVISOR, DAWN PINNOCK, IN HER OFFICIAL CAPACITY, NYCH DIRECTOR OF HUMAN RESOURCES, SUED IN HER PERSONAL CAPACITY, PAUL VITALE, NEW YORK CITY HOUSING AUTHORITY DIRECTOR, SUED IN HIS OFFICIAL CAPACITY, GISEL PAULINO, NEW YORK CITY HOUSING AUTHORITY CARETAKER, SUED IN HER PERSONAL CAPACITY, WILLIAM RODRIGUEZ, SUED IN HIS OFFICIAL CAPACITY,

    *Defendants-Appellees,*



CITY OF NEW YORK,

   *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**    Linda M. Cronin, Cronin & Byczek, LLP, Lake Success, NY.

**FOR DEFENDANTS-APPELLEES:**   Donna M. Murphy, *for* Kelly D. MacNeal, Acting General Counsel of the New York City Housing Authority, New York, NY.


   Appeal from a judgment, entered May 19, 2011, of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART AND REVERSED IN PART**.

   Plaintiff Lyudvig Gorokhovsky appeals from the judgment of the District Court dismissing his complaint in favor of defendants. Gorokhovsky's suit alleged that the New York City Housing Authority and its employees (jointly, "NYCHA") unlawfully engaged in employment discrimination based upon his race, national origin, and age; created a hostile work environment; and retaliated against him for exercising his First Amendment rights. He brought claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. §§ 1981, 1983 and 1985; the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"); and the First Amendment to the United States Constitution. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

   We review a district court's Rule 12(b)(6) dismissal of a complaint *de novo. See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

   The District Court granted defendants' motion to dismiss the complaint as to all but one claim for failure to exhaust administrative remedies, untimeliness, and failure to state a claim on

which relief could be granted.  (The single remaining claim was a discriminatory pay claim, which Gorokhovsky later voluntarily withdrew with prejudice.)

We reverse the District Court's dismissal of the NYCHRL claims asserted in Count Nine, because it improperly applied the same standard as in its analysis of the ADEA, Title VII, and NYSHRL claims.  *See Gorokhovsky v. City of New York*, No. 10 Civ. 8848 (LBS), 2011 WL 2019423, at *6 n.5 (S.D.N.Y. May 19, 2011) (citing *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 n.1 (2d Cir. 2009)). However, as we recently clarified, the New York City Council changed the standard that applies to discrimination claims brought under the NYCHRL by statute in 2005.  *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108–09 (2d Cir. 2013) (citing Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85).  We held that claims under the NYCHRL are to be evaluated separately from federal and state law claims and given liberal, independent construction.  *Id.* at 109.

To state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive; "the NYCHRL does not require either materially adverse employment actions or severe and pervasive conduct."  *Id.* at 114. In a hostile work environment claim under the NYCHRL, "even 'a single comment' may be actionable in appropriate circumstances."  *Id.* (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 40–41 & n.30 (1st Dep't 2009)).  And to prevail on a retaliation claim under the NYCHRL, a plaintiff need only show that he "took an action opposing [his] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action."  *Id.* at 112 (citation omitted).

At the pleadings stage and under such a liberal construction, we conclude that Gorokhovsky has stated plausible claims under the NYCHRL for discrimination on the basis of national origin and age; a hostile work environment; and retaliation.  Accordingly, we reverse the District Court's dismissal of the NYCHRL claims.  However, because we conclude that there are no remaining viable federal claims, we decline to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367. Accordingly, Gorokhovsky's claims under the NYCHRL are dismissed without prejudice to his pursuing them in state court.

As to all of Gorokhovsky's remaining claims, we have conducted an independent and *de novo* review of the record, and conclude that the District Court properly granted the defendants' motion. As to those claims, we affirm substantially for the reasons stated by the District Court in its thorough opinion of May 18, 2011.

## CONCLUSION

We have considered Gorokhovsky's remaining arguments on appeal and find them to be without merit. For the reasons set out above, we **AFFIRM IN PART AND REVERSE IN PART** the May 19, 2011 judgment of the District Court. In the absence of a viable federal claim, we decline to exercise supplemental jurisdiction over Gorokhovsky's claims under the NYCHRL, and dismiss them without prejudice.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court